TROY LAW, PLLC
Aaron Schweitzer (AS 6369)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------x
JIAN ZHANG,
*on behalf of himself and others similarly situated,*
                              Plaintiff,

                v.

CHONGQING LIUYISHOU GOURMET NJ INC
   d/b/a Thumbs Up Chinese Restaurant,
WEIBAINIAN GOURMET INC
   d/b/a Thumbs Up Chinese Restaurant,
YUE MA, and
MENG DOE,
                             Defendants.
-------------------------------------------------------------------x

**Case No: 18-cv-10359**

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**COMPLAINT**

      Plaintiff JIAN ZHANG (hereafter "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant, WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant, YUE MA, and MENG DOE, (hereafter "Defendants") and allege as follows:

**INTRODUCTION**

1.    This action is brought by Plaintiff, on behalf of himself and other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law ("NJWHL") § 34:11-56 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns

1

and/or practices.

2. Upon information and belief, Defendants willfully and intentionally committed widespread violations of the FLSA and the NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, the statutory minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3. Upon information and belief, Defendants have failed to maintain accurate records of hours that Plaintiff and those similarly situated employed by Defendants work or worked, including work done in excess of forty (40) hours each workweek.

4. Plaintiff alleges pursuant to the FLSA, 29 U.S.C. § 216 (b), that he is entitled to recover: (1) compensation for wages paid at less than the statutory minimum rate, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest and (5) reasonable attorney's fees and costs.

5. Plaintiff further alleges pursuant to the NJWHL that he is entitled to recover from Defendants: (1) compensation for wages paid at less than the statutory minimum wage, (2) unpaid overtime compensation, (3) prejudgment interest, (4) post-judgment interest and (5) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case is brought under the Federal Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

# THE PARTIES

**PLAINTIFF**

8. Plaintiff JIAN ZHANG is a resident of Queens County, New York and was employed by Defendants as a fry wok at Thumbs Up Chinese Restaurant, located at 411 US Highway 1, Edison, NJ 08817.

**DEFENDANTS**

*Corporate Defendants*

9. Defendant CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 411 US Highway 1, Edison, NJ 08817.

10. Upon information and belief, CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant purchased and handled goods moved in interstate commerce.

12. Defendant WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 411 US Highway 1, Edison, NJ 08817.

13. Upon information and belief, WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14. Upon information and belief WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant purchased and handled goods moved in interstate commerce.

*Individual Defendants*

15. The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants.

16. YUE MA, known as "Boss" to Plaintiff, upon information and belief the founder and a part owner and officer of CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant, and the manager of all areas of the restaurant at Thumbs Up Chinese Restaurant, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant.

17. YUE MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and is jointly and severally liable with CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant.

18. MENG DOE, known as "Meng" to Plaintiff, upon information and belief a part owner and officer of CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant.

19. MENG DOE acted intentionally and maliciously and is an employer pursuant to FLSA, 29

U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and is jointly and severally liable with CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant.

## STATEMENT OF FACTS

**CORPORATE DEFENDANTS CONSTITUTE AN ENTERPRISE**

20. At all relevant times herein, CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant, and continue to be, a single and joint employer with a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common business purposes and interrelated business goals.

21. CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant together constitute an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

22. CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant purchase and handle goods moved in interstate commerce.

23. CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant concurrently operate one (1) Chinese restaurant:

    a.    Thumbs Up Chinese Restaurant, 411 US Highway 1, Edison, NJ 08817.

24. CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant and WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant share managers,

including Individual Defendant YUE MA.

**DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST THE PLAINTIFF, THE FLSA COLLECTIVE, AND THE CLASS**

25. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

26. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

27. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

28. At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

29. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

30. At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiff and similarly situated employees notice that they were claiming credits towards Plaintiff's and similarly situated employees' minimum wage.

31. Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

32. At all relevant times, Defendants failed to display New Jersey State Department of Labor posters required by NJWHL § 34:11-4.6.

**PLAINTIFF JIAN ZHANG**

33. From on or about December 1, 2014 to February 15, 2017, Plaintiff JIAN ZHANG was

employed by Defendants to work as a fry wok at Thumbs Up Chinese Restaurant, located at 411 US Highway 1, Edison, NJ 08817.

34. Throughout his employment, Plaintiff JIAN ZHANG's regular work schedule ran:

    a. From 10:30 to 21:30, for eleven (11) hours per day, four (4) days per week, Sundays, Tuesdays, Wednesdays, and Thursdays; and

    b. From 10:30 to 22:30, for twelve (12) hours per day, two (2) days per week, Fridays, and Saturdays,

with Mondays off.

35. Throughout his employment, Plaintiff JIAN ZHANG was afforded no rest or meal breaks during the day.

36. Throughout his employment, Plaintiff JIAN ZHANG worked approximately sixty-eight (68) hours per week.

37. Throughout his employment, Plaintiff JIAN ZHANG was paid at a rate of four thousand dollars ($4,000.00 per month).

38. Throughout his employment, Plaintiff JIAN ZHANG was paid his salary in semimonthly installments, on the fifteenth and last day of each month.

39. Each semimonthly installment consisted of one thousand seven hundred dollars ($1,700.00) cash plus a check for a gross of three hundred dollars ($300.00) before taxes were withheld, and about two hundred dollars ($200.00) after withholding.

40. Throughout his employment, Plaintiff JIAN ZHANG was not paid overtime for hours worked above forty (40) in any given workweek.

41. While employed by Defendants, Plaintiff JIAN ZHANG was not exempt under federal and state laws requiring employers to pay employees overtime.

42. Plaintiff JIAN ZHANG was not furnished with a statement of deductions from his wages for each payday.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees of CHONGQING LIUYISHOU GOURMET NJ INC d/b/a Thumbs Up Chinese Restaurant, WEIBAINIAN GOURMET INC d/b/a Thumbs Up Chinese Restaurant, YUE MA, and MENG DOE including but not limited to waiters, deliverymen, runners, cooks, other kitchen workers, packers, bussers, and cashiers who have been or were employed by Defendants for up to the three (3) years before the filing of the Complaint, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage for all hours worked and/or at the time and one and one half rate of overtime hourly compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint as defined herein (the "Class Period").

45. All said persons, including Plaintiff, are referred to herein as the "Class."

46. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

47. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

48. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a.   Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

   b.   Whether Plaintiff and Class members are entitled to overtime payment under the NJWHL;

   c.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class their overtime due under the NJWHL;

   d.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

   e.   Whether Defendants provided a notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or or timely thereafter;

   f.   At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their work;

*Typicality*

49. Plaintiff's claims are typical of those claims which could be alleged by any member of the

Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

50. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

expenditure to Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52. Upon information and belief, defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage Brought on Behalf of Plaintiff and the FLSA Collective Action Members]**

53. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in "interstate commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

57. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

58. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

59. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

60. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and collective action members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and collective action members.

### COUNT II
**[Violations of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on Behalf of Plaintiff and Rule 23 Class]**

61. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWHL.

63. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

64. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class

Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

65.  Because of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT III
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on Behalf of Plaintiff and the FLSA Collective Action Members]

66.  Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

67.  The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

68.  The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

69.  Defendants' failure to pay Plaintiff and the FLSA Collective Action Members their overtime pay violated the FLSA.

70.  At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at one and one half times the statutory rate to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

71. The FLSA and supporting regulations require employers to notify employees of employment law requirements. 29 C.F.R. § 516.4.

72. Defendants knowingly and willfully failed to notify Plaintiff and the FLSA Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective action members' labor.

73. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members the statutory overtime rate of one and one half for all hours worked in excess of forty (40) hours per week when they knew or should have known such failure would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New Jersey Labor Law—Failure to Pay Overtime Brought on Behalf of Plaintiff and Rule 23 Class]

74. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate Plaintiff and the class are entitled to.

76. Defendants' failure to pay Plaintiff and the class was not in good faith.

77. Because of Defendants' failure to pay Plaintiff and the class, Plaintiff and the Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to the NJWHL §§ 34:11-56 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs and Rule 23

Class, respectfully requests that this Court enter a judgment providing the following relief:

a)  Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)  Certification of this case as a collective action pursuant to the FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsels to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJWHL;

e)  An injunction against Corporate Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

f)  An award of unpaid overtime wages due under the FLSA and the NJWHL plus compensatory and, for FLSA, liquidated damages;

    g)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. § 216;

    h)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and the NJWHL;

    i)    The cost and disbursements of this action;

    j)    An award of prejudgment and post-judgment fees;

    k)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:   Flushing, NY
           June 10, 2018

                                      Respectfully submitted,
                                      Troy Law, PLLC

                                      /s/ Aaron Schweitzer
                                      Aaron Schweitzer
                                      41-25 Kissena Boulevard, Suite 119
                                      Flushing, NY 11355
                                      Tel: (718) 762-1324
                                      troylaw@troypllc.com

                                      *Attorneys for the Plaintiff, proposed FLSA Collective, and proposed Class*