# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIAN ZHANG, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CHONGQING LIUYISHOU GOURMET NJ INC, *et al.*,<br><br>Defendants. | Civil Action No. 18-10359 (CCC)<br><br><br>OPINION |

**CECCHI**, District Judge.

Presently before the Court are Plaintiff Jian Zhang's motions for default judgment and attorney fees against Defendants Chongqing Liuyishou Gourmet NJ Inc and Weibainian Gourmet Inc, both doing business as Thumbs Up Chinese Restaurant. (ECF Nos. 21, 27). Defendants have not appeared in this case or otherwise responded to these motions. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Plaintiff's motion for default judgment and grants Plaintiff's motion for attorney fees.

## I.      BACKGROUND

From December 2014 to February 2017, Plaintiff was employed as a "fry wok" cook for Defendants. (ECF No. 1 ("Compl.") ¶ 33). Defendants allegedly: (1) hired, fired, and supervised employees; (2) determined rates of pay; and (3) maintained records of employment. (Compl. ¶ 16). While employed for Defendants, Plaintiff worked eleven-hour days for four days per week and twelve-hour days for two days per week. (Compl. ¶ 34). Plaintiff claims that he made $4,000

per month and was paid twice per month with $1,700 cash plus a check for $300 prior to tax withholding, which was $200 after tax withholding. (Compl. ¶¶ 37–39). Plaintiff further claims that he worked 68 hours per week and was not afforded any break or paid overtime for the hours he worked above 40 hours per week. (Compl. ¶¶ 35–36, 40). Moreover, Plaintiff alleges that Defendants knowingly and willfully operated their business with a policy of not paying the proper minimum wage and overtime to their employees. (Compl. ¶¶ 63, 70). Accordingly, on June 10, 2018, Plaintiff brought this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 206(a) ("the FLSA") and the New Jersey Wage and Hour Law ("the NJWHL"). (*See generally* Compl.).

After multiple failed attempts, (ECF No. 23 at 4–5), Plaintiff effectuated service on Defendants on February 21, 2019, and proof of service was filed on the docket on March 22, 2019. (ECF No. 16). On April 9, 2019, the Clerk of the Court entered default at Plaintiff's request. (Docket entry above ECF No. 19). Plaintiff now moves for default judgment seeking the unpaid overtime and attorney fees.

## II.     MOTION FOR DEFAULT JUDGMENT

### A. Entitlement to Default Judgment

#### 1.  Legal Standard

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Once the Clerk enters default, a plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b). Here, the Clerk has entered default, and so the Court will address Plaintiff's motion on the merits.

2

In order to award a default judgment, a district court must make explicit findings regarding the following factors: (1) whether the plaintiff would suffer prejudice if the default judgment were denied; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's own culpable conduct caused his delay. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (including a fourth factor, "the effectiveness of alternative sanctions"). In making these findings, Plaintiff's factual allegations in the complaint will be taken as true, except for those relating to the amount of damages. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.3d 1142, 1149 (3d Cir. 1990)). "Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well pleaded facts sufficient to establish a claim." *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

2. Application

As an initial matter, the Court finds that Plaintiff has clearly established a cause of action under both the FLSA and NJWHL. "Under the FLSA, employees must be paid one and a half times their 'regular rate' of pay for each hour worked in excess of 40 hours a week against an employer." *Qu Wang v. Fu Leen Meng Rest. Ltd. Lia. Co.*, No. 16-8772, 2018 WL 1027446, at *2 (D.N.J. Feb. 23, 2018); *see also Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (explaining that the NJWHL mirrors the FLSA and therefore "interpretations construing FLSA are applicable"). Therefore, a plaintiff can show a claim for overtime compensation under the FLSA by alleging "forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (internal citations omitted).

3

A plaintiff must also show that the defendant was an employer for liability to attach, which is determined by the control exhibited by the defendant. *Qu Wang*, 2018 WL 1027446, at *2. Such factors considered by the Court to determine control include whether the defendant: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147, 2016 WL 6138248, at *2 (D.N.J. Oct. 21, 2016) (citations omitted).

Here, Plaintiff has alleged that he typically worked 68 hours per week, *i.e.* over 40 hours per week, and did not receive overtime compensation for the hours worked over 40 hours per week. (Compl. ¶¶ 36, 40). Plaintiff further alleges that Defendants had control over employees because they: (1) hired, fired, and supervised employees; (2) determined rates of pay; and (3) maintained records of employment. (Compl. ¶ 16). These allegations, when accepted as true, are sufficient for the Court to find that Plaintiff has stated viable causes of action for violations of the FLSA and NJWHL.

With respect to the factors articulated above that the Court must consider in order to grant a default judgment, the Court finds that Plaintiff has been harmed by not receiving payment, and that Plaintiff will have no other means of vindicating his claims against Defendants absent default judgment. Therefore, Plaintiff will suffer prejudice without default judgment. It is self-evident that the Court cannot consider any defenses because Defendants have failed to appear or otherwise respond in this action. *See Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."). Finally, Defendants' delay appears to be the result of culpable conduct considering Plaintiff effected

service on February 21, 2019, but Defendants have not appeared or otherwise responded since. Accordingly, in light of these factors, the Court finds the entry of default judgment to be appropriate.

## B. Damages

### 1. Legal Standard

A plaintiff cannot recover damages under both the FLSA and NJWHL, as such an award of damages would amount to a double recovery. *See, e.g., Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. 2011) (stating same); *Krause v. Cherry Hill Fire Dist. 13*, 969 F. Supp. 270, 279 n.12 (D.N.J. 1997) (same) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715 (1945)). In this case, Plaintiff only seeks damages under the FLSA and not the NJWHL. (ECF No. 25 at 2).

Under the FLSA, defendant-employers who violate its provisions are liable for the amount of overtime compensation that was not paid to the plaintiff-employees. 29 U.S.C. § 216(b). The burden is on the plaintiff-employees to show the amount of overtime worked "as a matter of just and reasonable inference," which can be based on the plaintiff-employees' recollection. *Santiago*, 2016 WL 6138248, at *3 (citations omitted). The amount of overtime wages owed by the defendant-employer are calculated from the plaintiff-employees' regular rate, or rate per hour, which is determined for employees paid a monthly salary by dividing said salary by 40 hours per week. *Id.* (citing 29 C.F.R. § 778.109); *see also Qu Wang*, 2018 WL 1027446, at *4–5 (performing a similar calculation whereby the Court first determined the amount of weekly pay to then determine the amount of hourly pay). As stated above, overtime wages are equal to at least one and a half times the regular rate of pay a plaintiff-employee receives. 29 U.S.C. § 207(a)(1).

The FLSA also provides for liquidated damages in an amount equal to the actual damages that the defendant-employer is liable for. 29 U.S.C. § 216(b). A district court shall award liquidated damages to a plaintiff-employee unless the defendant-employer can show that "its actions were 'in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation' of the FLSA, and the district court finds liquidated damages unwarranted." *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988) (quoting 29 U.S.C. § 260).

2. Application

In this case, Plaintiff represents by sworn affidavit that: (1) he worked for Defendants from about December 2014 through February 15, 2017; (2) he was paid $4,000 a month in biweekly installments of $1,700 cash plus a $200 check after tax withholding; (3) he worked 68 hours per week; and (4) he was not compensated with overtime for the hours he worked over 40 hours per week, *i.e.*, 28 hours worked per week. (ECF No. 22-5 at 1–3).

Based on these representations, the Court finds that Plaintiff was paid $923.08 per week, which was calculated by multiplying Plaintiff's monthly pay of $4,000 by 12 (months in a year) and then dividing that number by 52 (weeks in a year). After dividing Plaintiff's weekly earnings of $923.08 by 40 (hours presumably that he should have worked in a week), the Court determines that Plaintiff's hourly wage was $23.08 per hour and his overtime rate, which is his hourly rate times one and a half, was $34.62 per hour. Upon multiplying Plaintiff's owed overtime rate of $34.62 per hour by 28 (hours of overtime Plaintiff claims to have worked per week), the Court concludes that Defendants failed to pay Plaintiff $969.23 in overtime per week, which equals a total amount of $74,769.23 when accounting for the amount of weeks that Plaintiff worked for

Defendants that fell within the FLSA limitations period, which was June 10, 2015 through February 15, 2017. (*See* ECF No. 25-1 (Plaintiff's damages calculation)).

Plaintiff is also entitled to liquidated damages. In situations such as this, where Defendants have not appeared and have not presented any evidence of good faith, the Court should award Plaintiff liquidated damages in an amount equal to the actual damages awarded. *See Santiago*, 2016 WL 6138248, at *4 ("As Defendants have failed to appear, presenting no evidence regarding good faith, the Court must award liquidated damages."); *Garcia-Martinez v. V. Puzino Dairy, Inc.*, No. 11-6829, 2014 WL 7011536, at *2 (D.N.J. Dec. 11, 2014) (awarding liquidated damages to the plaintiff when the defendant did not present evidence of good faith, because "[a] defendant employer's burden of proof [to show good faith] is a difficult one to meet" and "[d]ouble damages are the norm, single damages the exception.") (quoting *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991)), adopted 2015 WL 132551 (D.N.J. Jan. 8, 2015). Accordingly, the Court concludes that Plaintiff is entitled to $74,769.23 in owed overtime, an equal amount in liquidated damages, and prejudgment interest for a total amount of $149,933.38 in damages.[1]

## III.   MOTION FOR ATTORNEY FEES

The FLSA provides that "[t]he court in such action shall, in addition to any judgment award to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b). Courts in the Third Circuit use a "lodestar" approach to calculate attorney fees in FLSA cases, whereby "the court multiplies the hours reasonably expended by counsel in representation on the case by the reasonable hourly rate for the attorney involved." *Maldonado v. Lucca*, 636 F. Supp. 621, 628 (D.N.J. 1986); *see also Souryavong v.*

---

[1] The Court adopts the Plaintiff's pre-judgment interest determination of $394.91. (*See* ECF No. 25-1 (damages calculation); *see also* ECF No. 25 at 3 (explaining pre-judgment interest calculation)).

*Lackawanna County*, 872 F.3d 122, 128 (3d Cir. 2017) (explaining that there is a strong presumption of reasonableness in a case under the FLSA that follows the lodestar approach). "To determine whether the petitioner's rate is reasonable, a court must look to the prevailing market rates of the relevant community for legal services of the same character performed by attorneys of comparable skill and experience." *Punter v. Jasmin Int'l Corp.*, No. 12-7828, 2014 WL 4854446, at \*7 (D.N.J. Sept. 30, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896 & n. 11 (1984), and *Student Public Research Grp. v. AT&T Bell Labs.*, 842 F.2d 1436, 1448 (3d Cir. 1988)). Furthermore, "time expended is considered 'reasonable' if the work performed was 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Id.* (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560–61 (1986)).

Here, Plaintiff seeks attorney fees in the amount of $25,411.00 for 68.46 hours worked, whereby the hours were divided as follows:

| Name | Title | Amount Per Hours | Total Hours Worked | Amount Billed |
|---|---|---|---|---|
| John Troy | Partner | $550 | 8.3 | $4,565 |
| Aaron Schweitzer | Managing Associate | $350 | 59.11 | $20,688.50 |
| Preethi Kilaru | Paralegal Work | $150 | 1.05 | $157.50 |

(ECF No. 28-1).

The Court finds that the rates charged by Plaintiff's counsel of $550, $350, and $150 respectively are reasonable when compared to the rates charged in FLSA cases with similar circumstances. *See, e.g., Qu Wang*, 2018 WL 1027446, at \*5 (granting default judgment in FLSA case and finding reasonable attorney fees at $325 per hour); *Santiago*, 2016 WL 6138248, at \*4 (granting default judgment in FLSA case and finding reasonable attorney fees at $450 per hour

and $375 per hour respectively); *Punter*, No. 12-7828, 2014 WL 4854446, at *8 (granting default judgment in FLSA case and finding reasonable attorney fees at $350 per hour and $300 per hour).

The amount of hours reported by Plaintiff's counsel is also reasonable for the work performed in this case given the issues presented, including service issues that arose repeatedly. Plaintiff's counsel provided a detailed description of the time and effort needed to remedy service issues stemming from a mistake at the New Jersey Division of Revenue, and additionally provided a useful description of all other work done in this case. ECF No. 29 at 3. Plaintiff's counsel also cited to a similar case in the District of New Jersey where forty hours was deemed a reasonable amount of time spent on a FLSA default case. Id. (citing *Punter*, 2014 WL 4854446, at *8). Accordingly, the Court finds that an award of attorney fees for the entire 68.46 hours worked by Plaintiff's counsel is reasonable here.

## IV.    CONCLUSION

For the aforementioned reasons, the Court shall grant Plaintiff's motion for default judgment and grant Plaintiff's motion for attorney fees. Specifically, the Court shall award Plaintiff an amount of $149,933.38 in damages and $25,411.00 in attorney fees and costs. An appropriate Order follows this Opinion.

**Date:** November 26th, 2019.

_____
**CLAIRE C. CECCHI**
United States District Court Judge

9